STANDARD MILLWORK CO. v. WM. H. BICK, A MINOR.

1. **Judgment in Negligence Case on Evidence Creating Presumption of Negligence, not Refuted, not Reversible.**

   A judgment in favor of an injured employe will not be reversed on the weight of evidence, there being evidence creating a presumption of negligence on the part of a master, directly contributing to the injury, and no evidence offered in refutation thereof.

2. **Person Operating Part of Plant and Employing Men in His Part not Independent Contractor.**

   One operating part of a manufacturing plant, under an arrange-ment whereby he is to hire and pay and have entire control of all the employes at work in that portion of the plant, and the owner is to furnish the material for manufacture together with the use of the plant, is not an independent contractor.

ERROR to common pleas court.

The plaintiff below recovered a judgment of $2,500, for loss of his left hand by a saw, operated in the factory of the defendant below. At the time of the accident one E. B. Swartz was operating a part of the factory for the construction of a certain kind of window blinds and shutters, under a contract that the company should furnish the plant, machinery, lubri-cating oil and material, and Swartz was to employ and pay all the employes, the company to have no control or supervision over them.

*Albert Bettinger* and *Walter Schmitt,* for plaintiff in error.
*T. R. Snyder* and *Thos. L. Michie,* for defendant in error.

**JONES, J.**

There is evidence in this case supporting the allegation of the petition charging negligence in starting the saw, while the boy had his hand in the blow-pipe cleaning it, and that the saw was started without any notice or warning.

Such evidence *per se* raises a presumption of negligence on the part of the master and places upon him the burden of re-

Millwork Co. v. Bick.

moving such presumption. No evidence was offered to explain the starting of the saw, and such presumption was in no way refuted.

The trial court correctly charged that Swartz was not an independent contractor, and we find the general charge in all other respects correct.

There was no error in the refusal to give special charges requested by defendant below.

Special charge number 11 (refused) is defective only in that it does not predicate its statement of law upon the condition that the jury find that the saw was in motion when plaintiff placed his hand in the blow-pipe.

With the saw motionless there was no apparent danger.

We find the judgment works substantial justice between the parties and there being no error it is affirmed.

**Smith** and **Swing, JJ.,** concur.